SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-------------------------------------------------------------------X

MIGUEL RIVERA,

                                        Plaintiff(s),


                    -against-


CITY OF MOUNT VERNON, MOUNT VERNON POLICE
DEPARTMENT, AND POLICE OFFICER JOHN DOE

                                        Defendant(s).
-------------------------------------------------------------------X

**Index #**

**Date Purchased:**

**SUMMONS**

Plaintiff designates
**WESTCHESTER County**
as place of trial

The basis of the venue
is: Place of Occurrence

To the above-named defendant(s):

  *YOU ARE HEREBY SUMMONED* to answer the Complaint in this action and to serve a
copy of your answer, or, if the complaint is not served with this summons, to serve a notice of
appearance on the Plaintiff's attorney within 20 days after the service of this summons, exclusive
of the day of service (or within 30 days after service is complete if this summons is not personally
delivered to you within the State of New York), and in case of your failure to appear or answer,
judgment will be taken against you by default for the relief demanded in the complaint.


Dated: Nassau, New York
       April 5, 2022


                                        Yours, etc.


                                        Brian Valdivia, Esq.
                                        Valdivia Law Office, PLLC
                                        *Attorney(s) for Plaintiff*
                                        MIGUEL RIVERA
                                        111 South Street, Suite 224
                                        Oyster Bay, New York 11771
                                        (516) 820-1212

**Defendant's Addresses**:

CITY OF MOUNT VERNON
ROOSEVELT SQUARE
MOUNT VERNON, NY 10550

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-----------------------------------------------------------------------X

MIGUEL RIVERA,                                                    **Index No.**:

                                   Plaintiff

          -against-                                               **VERIFIED COMPLAINT**

CITY OF MOUNT VERNON,
MOUNT VERNON POLICE DEPARTMENT,
AND POLICE OFFICER JOHN DOE

                                   Defendants
-----------------------------------------------------------------------X

       Plaintiff, by and through his attorneys, VALDIVIA LAW OFFICE, PLLC, complaining of

the defendants herein, respectfully alleges, upon information and belief, as follows:

    1.     That at the time of the commencement of this action, Defendant CITY OF

MOUNT VERNON held its principal office in the city, county and State of New York.

    2.     Upon information and belief, that at all times mentioned herein, defendant CITY

OF MOUNT VERNON was a municipal corporation within the State of New York.

    3.     That on August 3, 2021, a motor vehicle driven by the defendant, MOUNT

VERNON POLICE DEPARTMENT, came into contact with MIGUEL RIVERA.

    4.     That on August 3, 2021and at all times relevant herein, and upon information and

belief, the defendant, MOUNT VERNON POLICE DEPARTMENT, was the operator the

aforesaid motor vehicle.

    5.     That on August 3, 2021and at all times relevant herein, and upon information and

belief, the defendant, MOUNT VERNON POLICE DEPARTMENT, was the owner the aforesaid

motor vehicle.

    6.     That at all times relevant herein, and upon information and belief, the defendant,

MOUNT VERNON POLICE DEPARTMENT, maintained the aforesaid motor vehicle.

    7.     That at all times relevant herein, the defendant, MOUNT VERNON POLICE

DEPARTMENT, controlled the aforesaid motor vehicle.

8. That at all times relevant herein, the defendant, MOUNT VERNON POLICE DEPARTMENT, managed the aforesaid motor vehicle.

9. That at all times relevant herein, the defendant, MOUNT VERNON POLICE DEPARTMENT, repaired the aforesaid motor.

10. That on August 3, 2021and at all times relevant herein, and upon information and belief, the defendant, CITY OF MOUNT VERNON, was the owner of the aforementioned motor vehicle.

11. That on August 3, 2021and at all times relevant herein, and upon information and belief, the defendant, CITY OF MOUNT VERNON, was the operator the aforesaid motor vehicle.

12. That at all times relevant herein, and upon information and belief, the defendant, CITY OF MOUNT VERNON, maintained the aforesaid motor vehicle.

13. That at all times relevant herein, the defendant, CITY OF MOUNT VERNON, controlled the aforesaid motor vehicle.

14. That at all times relevant herein, the defendant, CITY OF MOUNT VERNON, managed the aforesaid motor vehicle.

15. That at all times relevant herein, the defendant, CITY OF MOUNT VERNON, repaired the aforesaid motor vehicle.

16. That the aforesaid accident and injuries resulting therefrom were due solely and wholly as a result of the careless and negligent manner in which the defendants, owned, operated, controlled, maintained, managed, and repaired their motor vehicle without this plaintiff in any way contributing thereto.

17. That by reason thereof and the negligence of the defendants, the plaintiff, MIGUEL RIVERA, was caused to be severely injured, bruised and wounded, suffered, still suffers and will

continue to suffer for some time, including physical pain and bodily injuries and has become sick, sore, lame and disabled and so remained for a considerable length of time.

18.     That by reason of the foregoing, the plaintiff MIGUEL RIVERA, was compelled to and did necessarily require medical aid and attention, and did necessarily pay and become liable therefore for medicines and upon information and belief, the plaintiff, MIGUEL RIVERA, will necessarily incur similar expenses.

19.     That by reason of the foregoing, the plaintiff, MIGUEL RIVERA, has been unable to attend her usual occupation in the manner required.

20.     That by reason of the wrongful, negligent and unlawful actions of the defendants, as aforesaid, the plaintiff, MIGUEL RIVERA, sustained serious injuries as defined in Section 5102(d) of the Insurance Law of The State of New York, and has sustained economic loss greater than basic economic loss as defined in Section 5102 of the said Insurance Law.

21.     That on or more of the provisions of §1602 of the Civil Practice Law and Rules do apply to the within action.

22.     That as a result of the foregoing, the plaintiff, MIGUEL RIVERA, has been damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### AS FOR THE SECOND CAUSE OF ACTION

23.     That at all times mentioned herein, the MOUNT VERNON POLICE DEPARTMENT is a department/agency/instrumentality of CITY OF MOUNT VERNON.

24.     That on or about August 3, 2021 and at all times mentioned herein, officers/agents/employees of the MOUNT VERNON POLICE DEPARTMENT did not possess cause to arrest MIGUEL RIVERA.

25.     That on or about August 3, 2021 and at all times mentioned herein,

officers/agents/employees of the MOUNT VERNON POLICE DEPARTMENT did not possess a warrant to search or arrest plaintiff MIGUEL RIVERA.

26.    That on or about August 3, 2021 , after detaining Plaintiff MIGUEL RIVERA, officers/ agents/employees of the MOUNT VERNON POLICE DEPARTMENT proceeded to detain Plaintiff.

27.    That on or about August 3, 2021 , officers/ agents/employees of the MOUNT VERNON POLICE DEPARTMENT detained Plaintiff MIGUEL RIVERA.

28.    That at all times mentioned herein, the officers/agents/employees of the MOUNT VERNON POLICE DEPARTMENT were acting within the scope of their agency/ employment with Defendant CITY OF MOUNT VERNON.

29.    That at all times mentioned herein, the officers/agents/employees of the MOUNT VERNON POLICE DEPARTMENT acted under the color of state law in denying plaintiff MIGUEL RIVERA's rights, privileges and immunities under the First, Fourth, Fifth, Eighth, Thirteenth and Fourteenth Amendments of the United States Amendment.

30.    That at all times mentioned herein, the officers/agents/employees of the MOUNT VERNON POLICE DEPARTMENT acted under the color of state law in denying plaintiff MIGUEL RIVERA' s rights, privileges and immunities under the First, Fourth, Fifth, Eighth, Thirteenth and Fourteenth Amendments of the United States Amendment.

31.    That heretofore and on or about September 02, 2021, and within ninety (90) days after the claim herein sued about arose, the plaintiffs caused a Notice of Claim and Intention to Sue, in writing, sworn to by or on behalf of the plaintiff to be served upon and filed with defendant CITY OF MOUNT VERNON set forth the name and post office address of the plaintiff herein and his attorney, the nature of the claim, the time when, the place where and the manner in which the claim arose, and the items of damage or injuries claimed to have

been sustained so far as then practible.

32.      That at least thirty (30) days have elapsed since the demand or claim upon which this action is predicated was presented to defendant CITY OF MOUNT VERNON for adjustment and that it has neglected and/or refused to make adjustment or payment thereof.

33.      That more than thirty (30) days have passed since the defendant CITY OF MOUNT VERNON received notice of the claim filed by plaintiff MIGUEL RIVERA and MIGUEL RIVERA regarding the incident complained of herein.

34.      That, on or about November 30, 2021, the defendant CITY OF MOUNT VERNON examined plaintiff MIGUEL RIVERA under oath pursuant to section 50-h of the General Municipal Law.

35.      That this action is commenced within one (1) year after the cause of action accrued.

36.      That this action falls within one or more of the exceptions set forth in Section 1602 of the CPLR.

37.      That as a result of the foregoing, plaintiff MIGUEL RIVERA sustained damages in excess of the jurisdictional limits of all lower courts.

38.      That as a result of the foregoing, plaintiff MIGUEL RIVERA sustained damages in excess of the jurisdictional limits of all lower courts.

## COUNT I: MALICIOUS ABUSE OF PROCESS, FALSE ARREST, AND FALSE IMPRISONMENT

39.      Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 24 with the same force as if alleged in full herein.

40.      That on August 3, 2021 Plaintiff MIGUEL RIVERA was falsely arrested, and imprisoned at the Precinct of MOUNT VERNON POLICE DEPARTMENT, as well as at other locations.

41.     The officers/agents/employees of the MOUNT VERNON POLICE DEPARTMENT, acting in the scope of their employment or agency with the Defendant, CITY OF MOUNT VERNON, illegally confined Plaintiff MIGUEL RIVERA.

42.     That while imprisoned in one or more of MOUNT VERNON POLICE DEPARTMENT's locations, Plaintiff MIGUEL RIVERA was deprived of his constitutional rights, among them his right to due process, his right to an attorney, and unlawful seizure.

43.     That on or about August 3, 2021 Defendant violated Plaintiff's civil rights and that Plaintiff, MIGUEL RIVERA, was psychologically and physically abused, he was defamed, he was illegally imprisoned, even though the Defendants knew or should have known that there was no merit to the continuance of the prosecution and that such prosecution was malicious and that the imprisonments were illegal.

44.     That Plaintiff MIGUEL RIVERA suffered false arrest, illegal imprisonment, violation of civil and constitutional rights, defamation, assault and battery resulting in pain and suffering, emotional, physical and psychological trauma, damage, to his reputation, and impairment to his health.

45.     That Defendant's agents used the criminal process against Plaintiff in order to falsely arrest him of which he was not guilty.

46.     That Defendant's agents falsely arrested, handcuffed and falsely imprisoned Plaintiff without cause.

47.     That as a proximate result of this malicious abuse of process, false arrest, and false imprisonment, Plaintiffs suffered the damages as aforesaid.

**COUNT II: VIOLATION OF CONSTITUTIONAL RIGHTS UNDER §1983**

48.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 33 with the same force as if alleged in full herein.

49.    The intentional handcuffing, detention, and imprisonment of Plaintiff violated the rights of Plaintiffs as guaranteed by the First, Fourth, Fifth, and Eighth Amendments to the United States Constitution and such misconduct constituted a departure from the evolving standards of decency that mark the progress of a maturing society.

50.    The intentional unconsented contact of the plaintiff was done with actual malice toward Plaintiffs and with willful and wanton indifference to and deliberate disregard for the constitutional rights of Plaintiffs. Plaintiffs are thus entitled to exemplary damages.

51.    The intentional unconsented search of the plaintiff was done with actual malice toward Plaintiffs and with willful and wanton indifference to and deliberate disregard for the constitutional rights of Plaintiffs. Plaintiffs are thus entitled to exemplary damages.

52.    illegally confined MIGUEL RIVERA pursuant to an official policy of CITY OF MOUNT VERNON.

53.    The officers/agents/employees of the MOUNT VERNON POLICE DEPARTMENT inflicted psychological trauma and emotional distress to MIGUEL RIVERA pursuant to an official policy of CITY OF MOUNT VERNON.

54.    The officers/agents/employees of the MOUNT VERNON POLICE DEPARTMENT illegally confined MIGUEL RIVERA pursuant to customs and practices of CITY OF MOUNT VERNON.

55.    The officers/agents/employees of the MOUNT VERNON POLICE DEPARTMENT assaulted MIGUEL RIVERA pursuant to customs and practices of CITY OF MOUNT VERNON.

56.    The officers/agents/employees of the MOUNT VERNON POLICE DEPARTMENT inflicted psychological trauma and emotional distress to plaintiff MIGUEL RIVERA pursuant to customs and practices of CITY OF MOUNT VERNON.

57.    The illegal confinement of, and infliction of emotional distress and psychological trauma upon plaintiff MIGUEL RIVERA violated his rights as set out in the First, Fourth, Fifth and Eighth Amendments of the United States Constitution.

**COUNT III: VIOLATION OF DUE PROCESS**

58.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 43 with the same force as if alleged in full herein.

59.    The police improperly and deliberately handcuffed and imprisoned Plaintiff.

60.    This policy and practice of Defendant City encouraged and caused constitutional violations by police officers, including the violation of plaintiffs' constitutional rights by the police officers described in the foregoing paragraphs.

61.    That at all times pertinent hereto, the supervisors who supervised the Defendant officers who unlawfully violated Plaintiffs rights encourage and tolerate the policies and practices described in the foregoing paragraphs.

62.    That Defendant City refused adequately to train, direct, supervise, or control Defendant officers so as to prevent the violation of Plaintiffs constitutional rights.

63.    The officers/agents/employees of the MOUNT VERNON POLICE DEPARTMENT proceeded denying plaintiff MIGUEL RIVERA due process by illegally confining him, and forcing him to appear before a judge of the Criminal Court despite there being no basis for holding Plaintiff in custody and no basis for submitting the Plaintiff to criminal prosecution.

64.    That on or about August 3, 2021 through present and at all times mentioned herein, the aforementioned ways in which officers/agents/employees of the MOUNT VERNON POLICE DEPARTMENT proceeded denied plaintiff MIGUEL RIVERA due process were part of a custom and practice of the MOUNT VERNON POLICE

DEPARTMENT.

65.    That on or about August 3, 2021  through present and at all times mentioned herein, the aforementioned ways in which officers/agents/employees of the MOUNT VERNON POLICE DEPARTMENT proceeded denied plaintiff MIGUEL RIVERA due process were part of a custom and practice of the MOUNT VERNON POLICE DEPARTMENT.

66.    This custom and practice of the MOUNT VERNON POLICE DEPARTMENT was the moving force, proximate cause and/or affirmative link behind the conduct which caused plaintiff MIGUEL RIVERA' s injuries.

67.    This custom and practice of the MOUNT VERNON POLICE DEPARTMENT was the moving force, proximate cause and/or affirmative link behind the conduct which caused plaintiff MIGUEL RIVERA's injuries.

68.    The intentional conduct to the plaintiff by officers/agents/employees of the MOUNT VERNON POLICE DEPARTMENT while plaintiff was in their care and custody was done with actual malice towards the plaintiff and with willful and wanton indifference to and deliberate disregard for human life and the rights of plaintiff as a civilian in the public population. Plaintiffs are thus entitled to exemplary damages.

69.    That at all times pertinent hereto, Defendant's agents were acting within the scope of their employment and pursuant to the aforementioned policies and practices of Defendant City. These policies and practices were enforced by Defendant City and its employee supervisors, and were the moving force, proximate cause, or affirmative link behind the conduct causing Plaintiffs' injuries. Defendant City is therefore liable for the violation of Plaintiffs constitutional rights by its police officers all in violation of 42 U.S.C. § 1983.

70.    That as a result of the foregoing, plaintiffs, sustained damages in an amount in

excess of the jurisdiction of all lower Courts.

## COUNTIV:NEGLIGENCE

71.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 56 with the same force as if alleged in full herein.

72.    At all times, the officers/agents/employees of the MOUNT VERNON POLICE DEPARTMENT were acting within the scope of their duties as officer/agents/employees of the Defendant CITY OF MOUNT VERNON.

73.    The officers/agents/employees of the MOUNT VERNON POLICE DEPARTMENT owed a duty to the Plaintiffs to perform their duties without the use of intimidation, coercion, verbal abuse and physical abuse and their conduct as set forth herein and refusing to abide by the Plaintiffs constitutional rights, when Plaintiff was unarmed and did not pose a threat of death or grievous bodily injury to said officers/agents/employees of the Defendant or others constitutes negligence.

74.    Defendant CITY OF MOUNT VERNON is liable for compensatory damages under the doctrines of respondeat superior for the negligence of actions of those aforementioned officers/agents/employees of the Defendant CITY OF MOUNT VERNON committed within the scope of their employment or agency.

75.    Defendant CITY OF MOUNT VERNON owed a duty to the Plaintiffs and others to train and supervise and otherwise control the officers/agents/employees of the MOUNT VERNON POLICE DEPARTMENT in the preventing use of coercion, intimidation, violation of Constitutional rights and other matters incidental to the exercise of police functions.

76.    As a proximate result of Defendant CITY OF MOUNT VERNON's failure to provide adequate training, supervision and control of said police officers/ agents/employees, Plaintiff MIGUEL RIVERA has sustained serious and permanent injuries.

77.    Defendant CITY OF MOUNT VERNON's failure to provide adequate training and supervision to its police officers/agents/employees constitutes a willful and wanton indifference and deliberate disregard for human life and liberty and the rights of private citizens, including the plaintiffs. Plaintiffs are thus entitled to exemplary damages.

78.    As a proximate result of the aforementioned negligent conduct, the plaintiff MIGUEL RIVERA has suffered the damages as aforesaid.

**COUNT V: DEFAMATION AND DAMAGE TO REPUTATION**

79.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 64 with the same force as if alleged in full herein.

80.    Defendant CITY OF MOUNT VERNON, via its officers/agents/employees acting within the scope of their agency or employment, defamed the plaintiffs, resulting in great damage to his personal and professional reputation.

81.    As a proximate result of the aforementioned defamation and damage to his reputation, the plaintiffs have suffered the damages as aforesaid.

82.    That at all times mentioned herein, POLICE OFFICER acted with malicious intent towards the Plaintiffs.

83.    That as a result of the conduct of POLICE OFFICER, the Plaintiffs suffered severe emotional distress.

84.    As a proximate result of this intentional infliction of emotional distress, Plaintiff suffered the damages as aforesaid.

WHEREFORE, plaintiff MIGUEL RIVERA demand judgment against the defendants, CITY OF MOUNT VERNON, MOUNT VERNON POLICE DEPRARTMENT AND POLICE OFFICER and award in the following amounts:

a.    an amount in excess of the jurisdictional limits of all lower

courts, each; together with the costs and disbursements of this
action;

   b.  exemplary damages in favor of the plaintiff
      MIGUEL RIVERA;

   c.  costs of this action, including reasonable attorneys' fees to the
      Plaintiff pursuant to 42 U.S.C. § 1988;

   d.  such other and further relief as the Court may deem
      appropriate.

Dated:  Nassau, New York
       April 5, 2022

                                       Brian Valdivia, Esq.
                                       Valdivia Law Office, PLLC
                                       *Attorney(s) for Plaintiff*
                                       MIGUEL RIVERA
                                       111 South Street, Suite 224
                                       Oyster Bay, New York 11771
                                       (516) 820-1212

STATE OF NEW YORK         )
                          ) ss.:
COUNTY OF NASSAU          )

Brian Valdivia, Esq., being duly sworn, affirms and says that:

I am an attorney duly admitted to practice law in the State of New York and member of the

VALDIVIA LAW OFFICE, PLLC. in the within action;

I have read the foregoing **SUMMONS AND VERIFIED COMPLAINT** and know the

content thereof, to be true to the best of my own knowledge, except as to the matters therein stated

to be alleged on information and belief, and that as to those matters I believe to be true.

The reason this verification is not made by the plaintiff is that plaintiff resides and is located

outside the county where our offices are located.

The source of deponent's information and the grounds for his belief, as to those matters

stated upon information and belief, are statements furnished to deponent by plaintiff, personal

investigation of this matter and from records in deponent's file.

I affirm the foregoing statements to be true under the penalties of perjury.

Dated: Nassau, New York
       April 5, 2022

BRIAN VALDIVIA, ESQ.

## NOTICE OF CLAIM

In the Matter of the Claim of

MIGUEL RIVERA,

vs.

CITY OF MOUNT VERNON, AND MOUNT VERNON POLICE DEPARTMENT.

TO:   CITY OF MOUNT VERNON
      ROOSEVELT SQUARE
      MOUNT VERNON, NY 10550

       **PLEASE TAKE NOTICE** that the undersigned claimant hereby makes claim and demands against the CITY OF MOUNT VERNON, AND MOUNT VERNON POLICE DEPARTMENT, as follows:

**1.**      **The name and post-office address of each claimant and claimant's attorney is:**

Miguel Rivera
686 E 234th St. Bronx NY 10466

Valdivia Law Office, PLLC
111 South Street, Suite 224
Oyster Bay, NY 11771

**2.**      **The nature of the claim:**

       Is for monetary damages due to the personal injuries, property damage, lost wages, medical expenses and out of pocket expenses sustained on August 3, 2021, by the above-captioned and named claimants as a result of the negligence, recklessness, and/or carelessness of CITY OF MOUNT VERNON, AND MOUNT VERNON POLICE DEPARTMENT, through the commissions and/or omissions of its agents, servants, and/or employees , in its ownership, operation, maintenance, and/or control of a POLICE DEPARTMENT VEHICLE which was, upon information and belief, operated by Police Dept. personnel, who did negligently and with reckless disregard, and with a gross disregard for the safety of those operating and occupying the vehicles then, with claimants vehicle in full view, fail to control said Police vehicle and did thereby strike the motor bike claimants owned &/or occupied as indicated herein. That the operator of the Police vehicle had the last clear chance to avoid said accident. (Copy of Police is within Mount Vernon's control as they authored said report)

**3.**      **The time when, the place where and the manner in which the claim arose:**

The occurrence complained of took place near 121 S. 4th Avenue in Mount Vernon, NY on August 3, 2021, at approximately 6am, wherein the claimant was riding his dirt bike and was stuck by Mount Vernon Police vehicle.

Said occurrence and the injuries sustained by claimant Miguel Rivera was due to the negligence, carelessness and recklessness of CITY OF MOUNT VERNON, AND MOUNT VERNON POLICE DEPARTMENT, their agents, servants and/or employees, in the ownership, operation, management, maintenance and control of the aforesaid police vehicle; in operating said police vehicle with a total disregard for the health, safety and welfare of others; in failing to be alert, attentive and vigilant; in failing to observe the road and the presence of other vehicles; in failing to yield the right of way; in failing to timely utilize brakes; in operating said police vehicle at a fast and excessive rate of speed; in operating said police vehicle that the defendant was operating in an unsafe manner or location; in failing to take steps and/or actions necessary to avoid the accident; in failing to stop the police vehicle that the defendant was operating in a safe manner or location; in failing to look; in failing to slow; in failing to stop; in rear-ending the vehicle in front; in stopping abruptly; in violating the applicable Vehicle and Traffic Law; in failing to properly brake; in failing to adequately and properly maintain the aforesaid police vehicle owned CITY OF MOUNT VERNON, AND MOUNT VERNON POLICE DEPARTMENT; in failing to observe traffic ahead; in failing to adequately and properly supervise the operator of said police vehicle; in failing to properly and adequately instruct the driver of said police vehicle; in failing to instruct the driver of said police vehicle as to the proper practices and procedures in the operation of said police vehicle; in having negligent and improper hiring practices; in failing to properly investigate employees and potential employees.

Upon information and belief, the two vehicles involved were and are presently owned CITY OF MOUNT VERNON, AND MOUNT VERNON POLICE DEPARTMENT and were operated by its agent, servant and/or employees.

4.      **The items of damage or injuries claimed are (include dollar amounts)**

Claimant Miguel Rivera sustained severe permanent personal injuries, the full extent of which are as yet unknown, including but not limited to injuries to his back, neck, shoulders, knees and headaches. The claim is for personal injuries, hospital, physician and other medical expenses, pain and suffering, loss of quality and/or enjoyment of life, and all other damages to which claimant is entitled by case law and statute.

Damages are claimed on behalf of claimant, Miguel Rivera for personal injuries in the sum of TEN MILLION ($10,000,000.00) DOLLARS.

Said claim and demand are hereby presented for adjustment and payment. You are hereby notified that unless they are adjusted and paid within the time provided by law from the date of presentation to you, the claimant, Miguel Rivera intend commence an action against CITY OF MOUNT VERNON, AND MOUNT VERNON POLICE DEPARTMENT to recover the aforesaid sums.

Dated: Nassau, New York
        September 1, 2021

Respectfully submitted,

Brian Valdivia, Esq.,
on behalf of Claimant Miguel Rivera

By: Brian Valdivia, Esq.
Valdivia Law Office, PLLC
Attorneys for Claimant, Miguel Rivera
111 South Street, Suite 224
Oyster Bay, NY 11771
516-820-1212

<u>ATTORNEY'S VERIFICATION</u>

STATE OF NEW YORK          )
                                          )
COUNTY OF NEW YORK    ) SS:

      The undersigned, an attorney admitted to practice in the Courts of the State of New York, and a partner at Valdivia Law Office, PLLC, attorneys of record for the claimant herein, affirms:

      That I have read the attached NOTICE OF CLAIM and the same is true to my own knowledge, except as to the matters alleged on information and belief, and as to those matters, I believe them to be true to the best of my knowledge.

      That affirmant's sources of information are facts as ascertained from claimant, upon investigation and the file maintained in my office.

      The undersigned affirms that the foregoing statements are true, under penalties of perjury.

Dated: New York, New York
       September 1, 2021

                                   _____
                                    Brian Valdivia, Esq.

NOTICE OF CLAIM

In the Matter of the Claim of

MIGUEL RIVERA,

vs.

CITY OF MOUNT VERNON, AND MOUNT VERNON POLICE DEPARTMENT.

TO:   CITY OF MOUNT VERNON
      ROOSEVELT SQUARE
      MOUNT VERNON, NY 10550

      **PLEASE TAKE NOTICE** that the undersigned claimant hereby makes claim and demands against the CITY OF MOUNT VERNON, AND MOUNT VERNON POLICE DEPARTMENT, as follows:

1.      **The name and post-office address of each claimant and claimant's attorney is:**

      Miguel Rivera
      686 E 234th St. Bronx NY 10466

      Valdivia Law Office, PLLC
      111 South Street, Suite 224
      Oyster Bay, NY 11771

2.      **The nature of the claim:**

      Is for monetary damages due to the personal injuries, property damage, lost wages, medical expenses and out of pocket expenses sustained on August 3, 2021, by the above-captioned and named claimants as a result of the negligence, recklessness, and/or carelessness of CITY OF MOUNT VERNON, AND MOUNT VERNON POLICE DEPARTMENT, through the commissions and/or omissions of its agents, servants, and/or employees , in its ownership, operation, maintenance, and/or control of a POLICE DEPARTMENT VEHICLE which was, upon information and belief, operated by Police Dept. personnel, who did negligently and with reckless disregard, and with a gross disregard for the safety of those operating and occupying the vehicles then, with claimants vehicle in full view, fail to control said Police vehicle and did thereby strike the motor bike claimants owned &/or occupied as indicated herein. That the operator of the Police vehicle had the last clear chance to avoid said accident. (Copy of Police is within Mount Vernon's control as they authored said report)

3.      **The time when, the place where and the manner in which the claim arose:**

The occurrence complained of took place near 121 S. 4th Avenue in Mount Vernon, NY on August 3, 2021, at approximately 6am, wherein the claimant was riding his dirt bike and was stuck by Mount Vernon Police vehicle.

Said occurrence and the injuries sustained by claimant Miguel Rivera was due to the negligence, carelessness and recklessness of CITY OF MOUNT VERNON, AND MOUNT VERNON POLICE DEPARTMENT, their agents, servants and/or employees, in the ownership, operation, management, maintenance and control of the aforesaid police vehicle; in operating said police vehicle with a total disregard for the health, safety and welfare of others; in failing to be alert, attentive and vigilant; in failing to observe the road and the presence of other vehicles; in failing to yield the right of way; in failing to timely utilize brakes; in operating said police vehicle at a fast and excessive rate of speed; in operating said police vehicle that the defendant was operating in an unsafe manner or location; in failing to take steps and/or actions necessary to avoid the accident; in failing to stop the police vehicle that the defendant was operating in a safe manner or location; in failing to look; in failing to slow; in failing to stop; in rear-ending the vehicle in front; in stopping abruptly; in violating the applicable Vehicle and Traffic Law; in failing to properly brake; in failing to adequately and properly maintain the aforesaid police vehicle owned CITY OF MOUNT VERNON, AND MOUNT VERNON POLICE DEPARTMENT; in failing to observe traffic ahead; in failing to adequately and properly supervise the operator of said police vehicle; in failing to properly and adequately instruct the driver of said police vehicle; in failing to instruct the driver of said police vehicle as to the proper practices and procedures in the operation of said police vehicle; in having negligent and improper hiring practices; in failing to properly investigate employees and potential employees.

Upon information and belief, the two vehicles involved were and are presently owned CITY OF MOUNT VERNON, AND MOUNT VERNON POLICE DEPARTMENT and were operated by its agent, servant and/or employees.

Dated: Nassau, New York
September 13, 2021

Respectfully submitted,

Brian Valdivia, Esq.,
on behalf of Claimant Miguel Rivera

By: Brian Valdivia, Esq.
Valdivia Law Office, PLLC
Attorneys for Claimant, Miguel Rivera
111 South Street, Suite 224
Oyster Bay, NY 11771
516-820-1212

<u>ATTORNEY'S VERIFICATION</u>

STATE OF NEW YORK        )
                         )
COUNTY OF NEW YORK   ) SS:

      The undersigned, an attorney admitted to practice in the Courts of the State of New York, and a partner at

Valdivia Law Office, PLLC, attorneys of record for the claimant herein, affirms:

      That I have read the attached NOTICE OF CLAIM and the same is true to my own knowledge, except as

to the matters alleged on information and belief, and as to those matters, I believe them to be true to the best of

my knowledge.

      That affirmant's sources of information are facts as ascertained from claimant, upon investigation and the

file maintained in my office.

      The undersigned affirms that the foregoing statements are true, under penalties of perjury.

Dated: New York, New York
      September 13, 2021

                                          Brian Valdivia, Esq.